UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KEITH E. BERRY,

                 Plaintiff,

    v.

RUSSELL O'FERRELL, et al.,

                 Defendants.

No. C09-5042 RBL/KLS

ORDER TO SHOW CAUSE

This case has been referred to United States Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. This matter comes before the Court on the filing of Plaintiff Keith E. Berry's proposed civil rights complaint. Dkt. 1. At the time of filing his proposed complaint, Plaintiff was detained at the Pierce County Jail. *Id*. To file a complaint and initial legal proceedings, a plaintiff must file a filing fee of $350.00 or file a proper application to proceed *in forma pauperis*.

A court may permit indigent litigants to proceed in forma pauperis upon completion of a proper affidavit of indigency. See 28 U.S.C. § 1915(a). However, a court has broad discretion in denying an application to proceed in forma pauperis. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), cert. denied, 375 U.S. 845 (1963). Several district courts have ruled that denial of in forma pauperis status is not unreasonable when a prisoner is able to pay the initial expenses required to commence a lawsuit. See *Temple v. Ellerthorpe*, 586 F.Supp. 848 (D.R.I. 1984); *Braden v. Estelle*, 428 F.Supp. 595 (S.D.Tex. 1977); *U.S. ex rel. Irons v. Com. of Pa.*, 407

ORDER TO SHOW CAUSE - 1

F.Supp. 746 (M.D.Pa. 1976); *Shimabuku v. Britton*, 357 F.Supp. 825 (D.Kan. 1973), aff'd, 503 F.2d 38 (10th Cir. 1974); *Ward v. Werner*, 61 F.R.D. 639 (M.D.Pa. 1974).

Pursuant to 28 U.S.C. § 1915(a)(2):

> A prisoner seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or security therefor . . . shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

In addition, pursuant to 28 U.S.C. § 1915(b), a prisoner seeking to proceed *in forma pauperis* is required to submit a written acknowledgment and authorization form, authorizing the agency having custody over him to collect from his prison trust account an initial partial filing fee and subsequent monthly payments until the full filing fee is paid. Mr. Berry did not submit the acknowledgment and authorization form approved for use by this court.

By letter dated January 28, 2009, the Court Clerk advised Mr. Berry that he was required to pay the full filing fee of $350.00 or that he must provide the Court with a completed in forma pauperis application, and that he should do so by March 2, 2009 or this action could be dismissed. Dkt. 2. Mr. Berry has not paid the filing fee or submitted a completed application.

Accordingly, it is **ORDERED**:

(1) Plaintiff shall submit a completed *in forma pauperis* application, which shall include a copy of his prison trust account statement showing the balance and activity of his account for the six-month period immediately preceding the filing of his petition and a written acknowledgement and authorization form, to the Clerk on or before **August 28, 2009**. Alternatively, Plaintiff shall pay the full $350.00 filing fee required to proceed with this action on or before **August 28, 2009**.

ORDER TO SHOW CAUSE - 2

(2) Failure to cure these deficiencies by the above date shall be deemed a failure to properly prosecute this matter and the Court will recommend dismissal of this matter.

(3) The Clerk is directed to send a copy of this Order to Plaintiff.

**DATED** this 7th day of August, 2009.

Karen L. Strombom
United States Magistrate Judge

ORDER TO SHOW CAUSE - 3